IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KENNETH C. JONES                                                                                     PLAINTIFF

vs.                                         Civil No. 3:10-cv-03099

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 12.[1] With this Motion, Plaintiff requests an EAJA award of $1,427.60. *Id.* On May 18, 2012, Defendant responded to this Motion and objects to the number of hours claimed by Plaintiff counsel's paralegal. ECF No. 14. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this Order.

**1. Background:**

Kenneth Jones ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits. ECF No. 1. On February 6, 2012, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 10, 11.

On May 7, 2012 Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 12. With this Motion, Plaintiff requests an award of attorney's fees of

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

$1,427.60, representing 5.15 hours of attorney time at an hourly rate of $155.00 and 8.15 hours of paralegal time at an hourly rate of $75.00, and postage of $21.85.  *Id.*  On May 18, 2012, Defendant responded to this Motion and objects to claimed paralegal hours.  ECF No. 14.

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 11. Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose his application for fees under the EAJA, and does not object to the hourly rate he requested. ECF No. 14. Defendant does dispute the number of hours expended by Plaintiff counsel's paralegal. ECF No. 14. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $1,427.60 under the EAJA. ECF No. 12. Plaintiff requests these attorney fees at a rate of $155.00 per hour for 5.15 hours of attorney work. *Id.* This hourly rate of $155.00 per attorney hour is authorized by the EAJA as long as a CPI is submitted. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff submitted a CPI. ECF No. 13. Further, Defendant does not object to this hourly rate. ECF No. 14. Therefore, this hourly

3

rate is authorized by the EAJA, and this Court finds that Plaintiff is entitled to an hourly rate of $155.00 per attorney hour.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 13. Defendant has objected to some of the hours for which counsel seeks a fee award for work performed by his paralegal. ECF No. 14. Specifically, Defendant objects to Plaintiff counsel's request for compensation for 15 minutes his paralegal spent receiving and reviewing the Order granting the IFP petition, 15 minutes his paralegal spent receiving and reviewing a file-marked copy of the summons and complaint, and 15 minutes his paralegal spent receiving and reviewing the briefing schedule. *Id.* Defendant argues these requests are excessive considering the IFP Order and briefing schedule each are only one page in length. Further, the summons and complaint are documents the paralegal previously prepared, therefore, the paralegal should be familiar with the contents and should not require 15 minutes to review. *Id.* This Court agrees that the amount of time requested for these tasks is excessive and time requested for performing these tasks is reduced to a total of 15 minutes.

Defendant also objects to Plaintiff's counsel request for compensation for four (4) hours for his paralegal to prepare the EAJA motion and attachments. ECF No. 14. Defendant argues this request of hours is excessive and should be reduced to three (3) hours. *Id.* This Court does not agree that four (4) hours of requested time for preparation of the EAJA and supporting documents is excessive.

Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $1,393.85 representing 5.15 hours of attorney time at an hourly rate of $155.00 and 7.65 hours of paralegal time at an hourly rate of $75.00 and postage of $21.85.

**4. Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$1,393.85** pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **12th day of July 2012.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE